IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN MEDINA, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 17-4547 |
| C&S WHOLESALE GROCERS, INC., | |
| Defendant. | |

**MEMORANDUM**

**SCHMEHL, J. /s/JLS**                                                                           **APRIL 18, 2018**

Defendant C&S Wholesale Grocers, Inc. ("C&S") moves for dismissal of Plaintiff Melvin Medina's Amended Complaint. Mr. Medina alleges wrongful termination of his at-will employment in violation of the Commonwealth of Pennsylvania Constitution and the Pennsylvania Criminal History Record Information Act ("CHRIA"). C&S argues Mr. Medina's Complaint must be dismissed because: 1) no private cause of action exists for suits alleging violations under the Pennsylvania Constitution; and 2) the CHRIA only applies to hiring decisions and not at-will employee termination decisions. For the reasons below, C&S's motion to dismiss will be granted in part and denied in part.

**I.**     **STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility

standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); see also *Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

## II. <u>PLEADED FACTS</u>

C&S Wholesale Grocers hired Mr. Medina to work and "engag[e] in inventory control." (ECF Docket No. 7, at ¶ 4.) Prior to being hired, Mr. Medina completed an on-line application on September 10, 2016, "where he correctly identified that he had a criminal record and described it on his application." (Id. at ¶ 5.) C&S hired Mr. Medina on September 26, 2016 to start work at C&S's Bethlehem site. (Id. at ¶¶ 7-8.) Mr. Medina worked normal hours for C&S until October 12, 2016, when C&S's Human Resources Manager informed Mr. Medina that he failed to include his felony background on his application. (Id. at ¶¶ 9-11.) Mr. Medina replied that he included his felony record in the application; however, C&S still fired Mr. Medina. (Id.

2

at ¶¶ 12-14.) Mr. Medina specifically pleads: "[t]he foregoing conduct occurred within sixteen days of Plaintiff's hiring and the failure of hire/termination [sic] was carried about by the employer because of, and within ambit of, the application process." (Id. at ¶ 15.) Mr. Medina alleges his firing occurred within the application process and should fall under the CHRIA.

### III. ANALYSIS

#### a. No private cause of action exists under the Pennsylvania Constitution.

Our courts have continuously held there is no private cause of action for suits alleging violations under the Pennsylvania Constitution. *Plaza at 835 West Hamilton Street LP v. Allentown Neighborhood Improvement Zone Development Authority*, 2017 WL 4049237, at *5 (E.D. Pa. 2017) (citing *Gary v. Braddock Cemetery*, 517 F.3d 195, 207 n.4 (3d Cir. 2008) ("The prevailing view is that Pennsylvania does not recognize a private right of action for damages in a suit alleging violation of the Pennsylvania Constitution.")); *see also Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006) ("To date, neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution.").

Mr. Medina's response in opposition to C&S's motion agrees with C&S that no private right of action exists under the Pennsylvania Constitution. Accordingly, this Court will therefore dismiss Count I of the amended complaint.

#### b. Plaintiff sufficiently pleads a plausible right to relief under the Pennsylvania Criminal History Record Information Act.

Under the Pennsylvania Criminal History Record Information Act ("CHRIA"), 18 Pa.C.S § 9125, employers are permitted to use an applicant's criminal history "for the purpose of deciding whether or not to *hire* the applicant . . . only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied." 18 Pa.C.S. §

3

9125 (emphasis added). Mr. Medina argues C&S violated section (b) of CHRIA when it, during the course of Mr. Medina's application process, fired him because of his prior felony conviction – which he included as an answer in his C&S application materials. (ECF Docket No. 7, ¶¶ 15-27.) Specifically, Mr. Medina alleges "the foregoing conduct occurred within sixteen days of Plaintiff's hiring and the failure to hire/termination [sic] was carried about by the employer because of, and within ambit of, the application process." (Id. at ¶¶ 15-16.) C&S correctly argues the CHRIA only applies to the hiring of employees and not the termination of employees. (ECF Docket No. 9, at 4.) While this Court agrees the CHRIA – as it is currently written – does not apply to the termination stage of employment, Mr. Medina's CHRIA claim survives because Mr. Medina pleads C&S used his criminal history during its application process. We address the merits below.

C&S claims the CHRIA, by its own terms, applies to only the "hiring stage of employment and not the termination of employment." (Id. at 4.) C&S cites a case from our Middle District where the court concluded the "CHRIA applied only to the hiring process." (ECF Docket No. 9, at 5) (citing *Martin v. SIMOS*, 2017 WL 2346131, at *1 (M.D. Pa. 2017)). In *Martin*, the employer defendant hired the employee plaintiff notwithstanding his prior criminal history. *Id.* Shortly after his employment commenced, a female employee alleged the plaintiff harassed her resulting in the plaintiff's suspension. *Id.* While on suspension, human relations contacted the plaintiff and informed him he would be terminated "because of his criminal history." *Id.* The plaintiff sued alleging violation of the CHRIA. *Id.* The court disagreed with the plaintiff and concluded the CHRIA applied to only the hiring stage and stated the "CHRIA prohibits employers from arbitrarily relying on a job applicant's criminal history record information during the hiring process. The statute is silent regarding use of criminal

history information for purposes of terminating an employee." *Id.* at *4. The plaintiff argued the court's interpretation of CHRIA was illogical because "it would allow employers to obtain the criminal background, hire the employee for one day, and then [immediately] terminate the employee's employment based on the criminal background." (ECF Docket No. 9, at 5.) (citing *Martin*, 2017 WL 2346131, at *4). While certainly compelling, the court disagreed with the plaintiff's reading of CHRIA and reiterated that the statute "prohibits employers from arbitrarily relying on a job applicant's criminal history record information during the hiring process." *Martin*, 2017 WL 2346131, at *4.

Countering C&S's argument, Mr. Medina provides this Court with a case from our district decided by The Honorable Judge William H. Yohn, *Negron v. School Dist. of Philadelphia*, 994 F.Supp.2d 663 (E.D. Pa. 2014). In *Negron*, the plaintiff employee signed a "temporary professional employee notification" as a non-tenured teacher with the Philadelphia School District. *Id.* at 667. According to the plaintiff's amended complaint, the School District's hiring procedures required background checks which placed employees in temporary employment status pending completion of the background check. *Id.* Given the employee's temporary status – pending the background check – the court concluded there were sufficient factual allegations for the complaint to move forward given the plaintiff's temporary employment status in relation to the CHRIA. *Id.* The court stated: "[w]hile a discussion of the Code may be instructive, it does not indisputably undermine Negron's claim that his hiring subject to a background check and his termination based, at least in part, on that background check constitutes a hiring decision, drawing it within the scope of the CHRIA." *Id.*

This Court agrees with Mr. Medina and the decision rendered in *Negron*. Mr. Medina very clearly avers C&S's termination based on his criminal history occurred during the

application process. Again, we cite Mr. Medina's Complaint: "[t]he foregoing conduct occurred within sixteen days of Plaintiff's hiring and the failure to hire/termination [sic] was carried about by the employer because of, and within ambit of, the *application* process." (ECF Docket No. 7, ¶ 15.) (emphasis added). Similar to *Negron*, while a discussion of C&S's hiring policies and procedures may be instructive, Mr. Medina's claim that his criminal record was used as a basis for his termination "because of, and within ambit of, the application process" draws it within the scope of the CHRIA. Accordingly, further development of the record through discovery is necessary. Count II may proceed as alleged.

## IV. CONCLUSION

In the accompanying order, this Court grants in part and denies in part Defendant C&S Wholesale Grocers, Inc.'s Motion to Dismiss. Given Mr. Medina pleads his termination occurred during the application process, C&S's actions do indeed fall within the scope of the Pennsylvania Criminal History Record Information Act. Accordingly, Count I is dismissed and Count II may proceed against C&S.